UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADRIAN SMITH<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PROBATE & FAMILY COURT – SUFFOLK DIVISION; JUDGE ABBE ROSS, in her official capacity; and COMMONWELATH OF MASSACHUESTTS,<br><br>Defendants. | Civil Action No. 25-cv-12924-ADB |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

　　Plaintiff Adrian Smith ("Plaintiff") has sued the Suffolk Probate and Family Court, Judge Abbe Ross, a judge of the Suffolk Probate and Family Court, and the Commonwealth of Massachusetts (collectively, "Defendants"), [ECF No. 1], alleging that his due process and equal protection rights were violated during proceedings in the Suffolk Probate and Family Court.[1] Because this Court lacks jurisdiction over Plaintiff's claims, the Complaint is **DISMISSED**.

---

[1] Plaintiff has also filed a motion for leave to proceed in forma pauperis, [ECF No. 2], which is **ALLOWED**.

I.      BACKGROUND

On October 6, 2025, Plaintiff initiated this action against the Suffolk Probate and Family Court, "as an arm of the Commonwealth," Judge Abbe Ross, a judge of that court, "in her official capacity," and the Commonwealth of Massachusetts. [ECF No. 1 ("Complaint" or "Compl.")].[2] The Complaint asserts claims under 42 U.S.C. § 1983 for purported violations of the U.S. Constitution's Fourteenth Amendment and "corresponding provisions under the Massachusetts Civil Rights Act," Mass. Gen. Laws ch. 12, §§ 11H-11I, as well as Rule 2.11 of the Massachusetts Code of Judicial Conduct, premised on certain decisions made by Judge Ross in child custody proceedings between Plaintiff and the mother of his child, including the judge's refusal to hold the mother in contempt, her decision to hold Plaintiff in contempt on March 28, 2024 and September 24, 2025, and her denial of several motions filed by Plaintiff, including a motion for recusal. [Compl. ¶¶ 2–10]. Plaintiff alleges that he "has consistently been denied the right to present critical evidence (police reports, communication logs, and affidavits), violating due process." [Id. ¶ 11]. He requests from this Court a "declaration that Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment and Massachusetts Civil Rights Act," an "injunction prohibiting enforcement of the March 28, 2024 and September 24, 2025 contempt orders," an "order requiring reassignment of Plaintiff's case to a different judge or venue," and "[a]ttorneys' fees and costs under 42 U.S.C. § 1988, if applicable." [Id. at 3].

---

[2] Plaintiff filed a similar action against Judge Ross on July 21, 2025, which this Court dismissed without prejudice on July 25, 2025. Mem. & Order, ECF No. 4, Smith v. Ross, No. 25-cv-12045 (D. Mass. July 25, 2025).

2

## II. LEGAL STANDARD

Because Plaintiff seeks to proceed in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines . . . it lacks subject-matter jurisdiction, the court must dismiss the action."); see also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir.1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

For purposes of preliminary screening, this Court liberally construes Plaintiff's pleadings because he is proceeding pro se. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, Plaintiff's suit must be dismissed for the reasons discussed below.

## III. DISCUSSION

To the extent Plaintiff seeks relief from final rulings made in the course of his custody proceedings, this Court lacks jurisdiction to entertain Plaintiff's Complaint pursuant to the

Rooker Feldman doctrine.[3]  That doctrine deprives lower federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Rather, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."  Davison v. Gov't of P.R.–P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . .").

Plaintiff's requests for a "declaration that Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment and Massachusetts Civil Rights Act" and for an "injunction prohibiting enforcement" of the Probate and Family Court's contempt orders are, at their core, attempts to challenge the validity of the state court's contempt orders and, in essence, seek review and rejection of those orders.  Thus, the Rooker-Feldman doctrine is applicable and again deprives this Court of jurisdiction.  See Walton v. Claybridge Homeowners Ass'n, Inc., 2011 WL 3331944, at *1 (7th Cir. Aug. 3, 2011) (slip copy) (plaintiff's suit against state court judge and others barred by Rooker–Feldman where plaintiff asked for injunctive relief from rulings of state court judge).

---

[3] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Cout of Appeals v. Feldman, 460 U.S. 462 (1983).

To the extent Plaintiff seeks relief from ongoing state-court contempt proceedings, a separate doctrine, known as Younger abstention, bars this Court from exercising jurisdiction. See Younger v. Harris, 401 U.S. 37 (1971). Younger and its progeny prohibit federal courts from interfering with certain pending state judicial or administrative proceedings. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Courts in the First Circuit follow a three-step approach in determining whether Younger abstention applies:

> To begin, a federal court must ascertain whether a particular state proceeding falls within the Younger taxonomy. If so, the court must then take the second step and consider whether the Middlesex factors support abstention. And if these two steps leave the case on track for abstention, the court must take the third step and determine whether any of the isthmian exceptions to the Younger doctrine apply.

Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192–93 (1st Cir. 2015).

Here, abstention is required. First, the proceedings that Plaintiff asks the Court to enjoin implicate the Younger abstention doctrine. Younger abstention applies to "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," Sprint, 571 U.S. at 73 (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)), and, more specifically, to cases "in which the State's contempt process is involved," Juidice v. Vail, 430 U.S. 327, 335 (1977). Here, Plaintiff appears to take issue with the Probate and Family Court's contempt powers, [Compl. ¶¶ 3–4, 9–10], and requests that the Court order the reassignment of Plaintiff's state-court case, in which contempt proceedings are apparently the only pending matter, [id. at 3], triggering Younger abstention, see Chalupowski v. Berry, 151 F. App'x 1, 2 (1st Cir. 2005).

Second, the Middlesex factors support abstention because there appears to be an ongoing judicial proceeding that implicates important state interests in which Plaintiff can raise constitutional challenges. See Sirva, 794 F.3d at 196; Middlesex Cnty. Ethics Comm'n v.

Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Indeed, Plaintiff's Complaint mentions a contempt hearing as recently as September 24, 2025, [Compl. ¶¶ 9–10], and this Court's review of the state-court docket indicates that the proceedings are ongoing, see United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005) (holding that courts can take judicial notice of state court records).  These Probate and Family Court proceedings are by definition judicial in nature, and Plaintiff has an adequate opportunity to vindicate his federal rights by raising them in state court and, if necessary, appealing in state court.  See M.L.-S.F. v. Budd, No. 21-cv-10078, 2021 WL 3861167, at *5 (D. Mass. Aug. 30, 2021) (holding ongoing Probate Court proceedings that included "effort of the Probate Court to effectuate sale of the residence through contempt orders" satisfied Middlesex test); Monahan v. Sabatis, No. 14-cv-13863, 2015 WL 13333511, at *5 n.8 (D. Mass. Aug. 10, 2015) (finding that plaintiff's request that "Court . . . interfere with pending contempt proceedings in the Probate Court implicate[d] all three prongs of the [Middlesex] test").

Third, none of the exceptions to the Younger doctrine appear applicable here.  See Sirva, 794 F.3d at 192 (noting exceptions to Younger when "state proceeding is brought . . . for the purpose of harassment, . . . if the state forum provides inadequate protection of federal rights, . . . [or] when a state statute is flagrantly and patently violative of express constitutional prohibitions" (citation modified)); see also Esso Standard Oil Co. v. Lopez-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) (discussing "[e]xtraordinary circumstances" where abstention would be inappropriate).  Here, there is no allegation that the state proceeding was brought in bad faith or pursuant to a flagrantly unconstitutional state statute.  Despite Plaintiff's misgivings about the fairness of the proceedings in Probate and Family Court, there is no indication that "state law

clearly bars the interposition of constitutional claims." Brooks v. N.H. Sup. Ct., 80 F.3d 633, 639 (1st Cir. 1996) (quoting Moore v. Sims, 442 U.S. 415, 425–26 (1979)).

Because Rooker-Feldman and Younger prevent this Court from exercising jurisdiction, the Court dismisses Plaintiff's Complaint. The Court notes that this is Plaintiff's second complaint asserting substantially similar claims, and that future complaints asserting such claims may be subject to dismissal as "frivolous or malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). See O'Rorke v. Porcaro (In re Porcaro), 547 B.R. 484, 489 (B.A.P. 1st Cir. 2016) (noting that litigation is frivolous when it is "based on an indisputably meritless legal theory" (quoting Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991))); Uzamere v. United States, No. 13-505, 2013 WL 5781216, at *17 (D.R.I. Oct. 25, 2013) ("A complaint can be malicious under § 1915 when it duplicates the allegations in a dismissed lawsuit previously filed by the same plaintiff."), aff'd, No. 13-2454 (1st Cir. Apr. 11, 2014).

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Complaint, [ECF No.1], is **DISMISSED** without prejudice.

**SO ORDERED.**

October 23, 2025                              */s/ Allison D. Burroughs*
                                              ALLISON D. BURROUGHS
                                              U.S. DISTRICT JUDGE